Mosseau *v.* Veeder.

Z. Mosseau, Plaintiff, Respondent, *v.* A. Veeder, Defendant, Appellant.

*Appeal from Multnomah County.*

Having discharged the regular panel of jurors for the term, the Circuit Court has no authority to summon a different jury for the trial of any cause at that term, against the will of either party.

Mosseau sued Veeder, before a justice of the peace, to recover the value of certain baggage, alleged to have been entrusted to defendant, as a *hotel keeper*, and which had been lost. Veeder appealed from a judgment had against him there to the Circuit Court of Multnomah county; and from a similar judgment in that appellate court, Veeder has appealed his case into this court. At the June term, 1864, of the Circuit Court, the cause stood upon a motion to supply defective transcript, until the regular panel of trial jurors for the term had been finally discharged; the cause was then called for trial; the circuit judge ordered the sheriff to summon a jury from the body of the county; and, upon the appearance of the persons so summoned, ordered the trial to proceed, against the express objections of defendant, made for the reason of the alleged irregularity in such proceedings. The court overruled the objections to the summoning and empanneling of the jury, and to such overruling defendant, by his counsel, excepted, and, with the record, files his proper bill of exceptions.

*Mitchell & Meigs*, for appellant.

*H. A. Gehr, Esq.*, for respondent.

Wilson, J. The only question submitted is this: Having discharged the regular panel of jurors in attendance at that term, before the calling of this cause for trial, had that court

the authority to order another jury, and upon the coming in of such persons to compel defendant below to go to trial unwillingly?

Our attention has been directed to certain provisions contained in the Constitution of Oregon, and to certain sections in the Code of Civil Procedure; and upon these it is our province to determine a rule of practice.

Article 1, section 18, of the Constitution provides, "that in all civil cases the right of trial by jury shall remain inviolate." Section 921 of the Code provides that the County Court shall "make from the last preceding assessment roll of the county a list denominated the jury list, containing the names of persons to serve as grand and trial jurors, until the following year." Section 926, still further directing, says: "The jurors for *every* term of the Circuit Court in the county shall be drawn from the names, &c.," selected as prescribed in section 921. Section 937 provides that "whenever, for any reason, the number of jurors, either in whole or in part, required by this Code, do not attend a term of court, the court has power to direct the sheriff to summon forthwith, from the body of the county, persons having the qualifications of jurors, to serve as such during the term." This last section, together with a part of section 178, reading thus: "If the ballots become exhausted before the jury is complete, the sheriff, under the direction of the court, shall summon from the bystanders, &c., so many qualified persons as may be necessary to complete the jury," are the only provisions of the statutes known, by which the court can procure jurors in cases of default in attendance of those summoned, or, the incompetency to serve in particular cases of those attending. If none of the regular panel attend, then, by section 937, the court may procure a full panel; or, in case only a part attend, by the same section, the court may complete the panel, or make such additions thereto as will suffice for the business of the term. The Code, in section 926, has undertaken to designate how the *jurors* for *every* term of the

court shall be selected ; and, subject to the two above noted exceptions for supplying deficiences, *those* are the only competent jurors. We hold that when the court discharges that jury, there can be no more competent jurors for that term. While a single one of the regular panel remains in attendance, it has been, and now is our practice to fill up the jury in any case under section 178, and such jury would be a competent one ; but when the whole regular panel has been discharged by order of court, then neither of the sections 178, and 937 can apply, or give the court any such power as was exercised in this case by the court below.

We know of no other authority, and hence must hold that it was error in the Circuit Court to call such a jury, or force defendant to trial. Appellee should have prevented the inadvertant omission by the court, and by calling the attention of the court to his case, have had it tried at a proper time, and in a proper manner.

Judgment must be reversed, and this cause remanded for a new trial.